UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
PMB TECHNICAL SERVICES, LLC,

                      Plaintiff,

-against-

JACQUES MAZOUREIX AS TRUSTEE OF
THE SUPPLEMENTAL NEEDS TRUST
FOR PAUL MAZOUREIX; OUT EAST
ENTERPRISES INC.; TAX CORRECTION
AGENCY INC.; DISTRICT COURT OF
COUNTY OF NASSAU; JOHN DOE "1"
through "12", said persons or parties having
or claimed to have a right, title or interest in
the Mortgaged premises herein, their
respective names are presently unknown to
the Plaintiff,

                      Defendants.
-----------------------------------------------------------x

**ADOPTION ORDER**
14-CV-4834(ADS)(ARL)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D N.Y.

★ SEP 23 2015 ★

LONG ISLAND OFFICE

**APPEARANCES:**

**THE MARGOLIN AND WEINREB LAW GROUP, LLP**
*Attorneys for the Plaintiff PMB Technical Services, LLC*
165 Eileen Way, Suite 101
Syosset, NY 11791
       By: Alan H. Weinreb, Esq., Of Counsel

**HARRY A. WAGNER, P.C.**
*Attorney for the Defendant Out East Enterprises, Inc.*
445 Broadhollow Road, Suite 124
Melville, NY 11747

**NO APPEARANCES:**

**JACQUES MAZOUREIX, as the Trustee of the Supplemental Special Needs Trust for Paul Mazoureix**
*Defendant*

**TAX CORRECTION AGENCY, INC.**
*Defendant*

1

**DISTRICT COURT OF NASSAU COUNTY**
*Defendant*

**JOHN DOE "1" through "12"**
*Defendants*

**SPATT, District Judge:**

On August 14, 2014, the Plaintiff PMB Technical Services, LLC ("PMB" or the "Plaintiff") filed a complaint against the Defendant Jacques Mazoureix, as Trustee of the Supplemental Needs Trust for Paul Mazoureix (the "Trustee"); Out East Enterprises, Inc. ("Out East Inc."); Tax Correction Agency, Inc. ("TCI"); the Nassau County District Court (the "NCDC"); and 12 "John Does", who are alleged to have an interest in certain mortgaged premises involved in this matter and whose identities are unknown to the Plaintiff. By this action, which is brought pursuant to the New York Real Property Actions and Proceedings Law ("RPAPL") §§ 1301 *et seq.*, the Plaintiff seeks to foreclose on a mortgage secured by real property located within this District.

On November 10, 2014, attorney Harry A. Wagner, Esq. filed a notice of appearance on behalf of Out East Inc., but did not respond to the Plaintiff's complaint.

On October 9, 2014, the Clerk of the Court noted the default of all of the Defendants.

On December 12, 2014, the Plaintiff moved for a default judgment.

On December 15, 2014, the Court referred this matter to United States Magistrate Judge Arlene R. Lindsay for a recommendation as to whether the

motion for a default judgment should be granted, and if so, whether damages should be awarded, including reasonable attorneys' fees and costs.

On June 22, 2015, Judge Lindsay issued a Report and Recommendations (the "R&R") recommending as follows: (i) a default judgment be entered against the Trustee, Out East Inc., TCI, and NCDC; (ii) the complaint be dismissed against the unidentified John Doe Defendants; and (iii) the Plaintiff be awarded a Judgment of Foreclosure and Sale against the Trustee, under the supervision of a referee to be selected by this Court, with the Plaintiff submitted a revised proposed Judgment of Foreclosure and Sale reflecting the following amounts to be awarded to the Plaintiff: (a) principal in the amount of $275,000, (b) interest in the amount of $89,991.09, (c) attorneys' fees in the amount of $5,250, and (d) costs in the amount of $595. In addition, Judge Lindsay recommended that the Plaintiff's request for $24,654.90 in advances for taxes and insurance and the Plaintiff's request for costs of $1,125 be denied with leave to renew upon the submission of appropriate substantiating documentation.

On July 9, 2015, the Plaintiff filed proof of service of the R&R on all of the Defendants. More than fourteen days have elapsed since service of the R&R on the Defendants, each of whom has failed to file an objection.

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the R&R for clear error, and finding none, now concurs in both its reasoning and its result.

Accordingly, the June 22, 2015 Report and Recommendations is adopted in its entirety, and the Plaintiff's motion for a default judgment is granted. A final Judgment and Foreclosure of Sale will be filed with the Clerk of the Court under separate cover, at which time the Clerk is respectfully directed to close this case.

It is

**SO ORDERED**

Dated: Central Islip, New York
September 23, 2015

s/ Arthnur D. Spatt
ARTHUR D. SPATT
United States District Judge